[No. B188991. Second Dist., Div. Three. Apr. 25, 2007.]

FELIX CASTILLO et al., Plaintiffs and Respondents, v.
HECTOR PACHECO et al., Defendants and Appellants.

**COUNSEL**

Bufete Juridico de/Law Offices of Guillermo SuarezM, Guillermo SuarezM; Newman Aaronson Vanaman, Robert M. Myers, Sharon Robinson; Law Offices of Carol A. Sobel and Carol A. Sobel for Defendants and Appellants.

Pierce Law Group and F. Robert Nakahiro for Plaintiffs and Respondents.

**OPINION**

**KLEIN, P. J.**—Defendants and appellants Hector Pacheco and Xochitl Pacheco (also known as Ramos) (collectively, the Pachecos) appeal an order denying their anti-SLAPP (strategic lawsuit against public participation) motion (Code Civ. Proc., § 425.16),[1] whereby the Pachecos sought to strike a nuisance complaint filed by plaintiffs and respondents Felix Castillo, Eva Castillo, Nick Adame and Connie Adame (plaintiffs).

Plaintiffs sued their neighbors, the Pachecos, alleging they were committing a nuisance by holding "large ceremonial outdoor open fire[s]" in their backyard. The Pachecos filed a special motion to strike under the anti-SLAPP statute, contending the nuisance complaint was subject to a special motion to strike because the ceremonial fire was the core element of a religious ritual.

In this apparent case of first impression, the essential issue presented is whether a cause of action against a person arising from an act of that person in furtherance of the person's right of free exercise of religion is subject to a special motion to strike. We conclude section 425.16 did not import wholesale the protections of the First Amendment. (U.S. Const., 1st Amend.) Protected activity for purposes of the anti-SLAPP statute includes "conduct in furtherance of the exercise of the constitutional right of petition or the

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(4).) However, the anti-SLAPP statute does not provide a vehicle for early scrutiny of a cause of action against a person arising from an act of that person in furtherance of the person's right of free exercise of religion.

Therefore, the order denying the Pachecos' special motion to strike is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Parties.*

The parties are all neighbors in a hillside community on a narrow residential street in the City of Los Angeles. The Adames and the Castillos live on either side of the Pachecos.

### 2. *Pleadings.*

On November 16, 2005, plaintiffs filed suit against the Pachecos alleging a nuisance under Civil Code section 3479 and seeking injunctive relief and damages. The complaint alleged in relevant part: "Commencing in early 2005, and most recently on July 2, 2005, defendants and their agents, invitees and guests have engaged in and participated in large ceremonial event gatherings in their backyard. These events involved the starting of a large ceremonial outdoor open fire that spewed flames, hot ashes, and nauseous and offensive smoke and odor into the air. These hot ashes, nauseous and offensive smoke and odor have blown over into plaintiffs' property and into plaintiffs' residences through windows and doors."

The Pachecos filed an answer, generally denying the allegations and asserting various affirmative defenses, including that their conduct "is authorized and protected by the Free Exercise Clause of the United States Constitution."

### 3. *The special motion to strike.*

On January 5, 2006, shortly after filing an answer, the Pachecos filed a special motion to strike the complaint pursuant to section 425.16. The Pachecos contended the nuisance complaint was subject to an anti-SLAPP motion because it arose from their conduct in furtherance of the constitutional right to free speech of a religious nature, and that what plaintiffs described as a "ceremonial outdoor open fire" was the core element of a traditional Native American sweat lodge, a sacred tribal ritual.

The Pachecos further argued plaintiffs could not prevail on their nuisance claim because they had obtained permits from the Los Angeles Fire Department (LAFD) and had met all inspections by the LAFD, the fire used to heat the rocks was no different from any backyard barbeque and the resulting smoke was negligible and no greater in amount than what would be released from a chimney from a home fireplace.

The special motion to strike was supported by various declarations. The declaration of Xochitl Pacheco is illustrative. It provides in relevant part: "The Sweat Lodge is central to my religious practice. . . . [¶] . . . The Sweat Lodge Ceremony consists of a structure made of willow and a small fire using natural wood to heat lava rocks, which we call the grandfathers. These rocks are heated for about 1 to 2 hours. When the rocks are ready (golden red), we all go into the Lodge which is covered with regular blankets. The rocks will be placed in the middle of the Lodge, then [are] blessed with traditional medicines (sage, sweet grass, copal, tobacco, etc.) and water will be poured on the rocks creating a steam. The steam is contained inside of the Lodge by the blankets that were used to cover it before the ceremony started. [¶] . . . Through prayers, songs and storytelling, I am able to heal my past hurts and gain hope for the future."

### 4. *Opposition papers.*

In opposition, plaintiffs contended the special motion to strike pursuant to section 425.16 was inappropriate because plaintiffs' nuisance action did not "seek to enjoin any constitutional religious speech rights" of the Pachecos but only to enjoin the odor-emitting smoke and ashes.

As for the merits, plaintiffs asserted there was a reasonable probability they would prevail on their nuisance claim, a nuisance may exist irrespective of the issuance of a permit, and a nuisance is determined by the consequences, rather than by the nature, of defendants' conduct.

The opposition papers were supported by a number of declarations, which stated the odor filled smoke and ash wafts onto adjacent properties and even when their doors and windows are closed, plaintiffs can smell the smoke and chemicals or incense. The odor penetrates curtains, carpeting and furniture and lingers even after the campfire has ended. The irritating smoke is a particular concern to one of the plaintiffs, who has lung cancer, and another, who suffers from asthma. Further, because of the dry hillside setting, plaintiffs expressed alarm that the open pit fire could ignite a brush fire.

### 5. *Trial court's ruling.*

On January 31, 2006, the matter came on for hearing. The trial court denied the special motion to strike, ruling the nuisance action was not based

primarily on the Pachecos' protected activity, and in any event, there was a reasonable probability plaintiffs would prevail on their claim. The trial court set forth its rationale in a written order, which provides in relevant part:

"Defendants bring this anti-SLAPP motion to strike, arguing that the complaint is based on the exercise of their free speech. [¶] . . . [¶] Defendants fail to meet their burden of showing that the activity to which Plaintiff's direct their complaint is a[n] exercise of a constitutional right of petition or speech. The Complaint alleges that Defendants have created a nuisance by making a fire, smoke from which travels into their houses. Plaintiffs argue that the focus of their action is not to prevent Defendants from exercising their right to protected speech, but rather to stop 'odor filled smoke and ash' from intruding onto their property. [Citation.]

"Defendants do not cite any authority establishing that the creation of a campfire (as it is described in the LAFD permit) is a constitutionally protected act of speech or petition. Although they cite some cases in which federal courts have, at least in dicta or in dissents, acknowledged that the sweat lodge ceremony is a sacred tribal ritual, they do not present any authority or evidence establishing that the building of a fire that produces quantities of smoke and ash sufficient to blow onto the neighbors' property is an essential part of this ceremony. Although Defendants argue that 'what Plaintiffs have described as the 'ceremonial outdoor open fire' is the core element in a traditional Native American Sweat Lodge [citation], the evidence they attach does not establish that the ceremony could not be performed without the use of an open fire. Defendants' declarations merely describe the ceremony as they perform it, which involves a fire used to heat rocks, which are then used in the enclosed lodge to create steam which cause[s] the participants to sweat. They do not state that the open wood fire is an essential part of the ceremony. Moving Parties leave open the possibility that the rocks could be heated by other means that would not create the smoke and ash of which plaintiffs complain, without impinging on such expression as may take place in connection with the ceremony.

"Furthermore, Defendants do not cite authority showing that religious practices are encompassed in the definition of constitutionally protected acts of speech or petition contemplated by CCP § 425.16."

The trial court further ruled the Pachecos failed to show their private conduct occurred "in connection with a public issue or an issue of public interest" (§ 425.16, subd. (e)(4)), and that plaintiffs had made a prima facie showing of facts supporting a judgment in their favor.

This appeal followed.[2]

## CONTENTIONS

Defendants contend the trial court erred in denying their special motion to strike because (1) they met their burden to establish the acts of which plaintiffs complain were taken in furtherance of defendants' free speech rights under the United States and California Constitutions in connection with a public issue; and (2) plaintiffs failed to meet their burden to establish a probability they would prevail on their nuisance claim.

## DISCUSSION

*1. General principles related to a special motion to strike.*

■ "A SLAPP suit—a strategic lawsuit against public participation— seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances. [Citation.] The Legislature enacted . . . section 425.16—known as the anti-SLAPP statute—to provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights. [Citation.]" (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055–1056 [39 Cal.Rptr.3d 516, 128 P.3d 713].) The purpose of the statute is to encourage continued participation in matters of public significance by preventing abuse of the judicial process. (§ 425.16, subd. (a).) The statute is to "be construed broadly." (§ 425.16, subd. (a).)

Section 425.16 describes four categories of protected activity. The fourth category, in issue here, is "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(4).)[3]

■ Analysis of a section 425.16 motion requires a two-step process. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 [124 Cal.Rptr.2d 530, 52 P.3d 703].) In the first step, the trial court determines whether the defendant has made a threshold showing that the challenged cause of action arises from protected activity. (*Rusheen v. Cohen, supra,* 37 Cal.4th at p. 1056.) If the

---

[2] An order denying a special motion to strike is appealable. (§ 425.16, subd. (i).)

[3] The first two categories involve statements or writings made before, or in connection with, a legislative, executive, judicial or other official proceeding. (§ 425.16, subd. (e)(1), (2).) The third category is "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest." (§ 425.16, subd. (e)(3).)

trial court finds the defendant has made the required showing, it determines whether the plaintiff has demonstrated a probability of prevailing on the claim. (*Ibid.*)

"Review of an order granting or denying a motion to strike under section 425.16 is de novo. [Citation.] We consider 'the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based.' (§ 425.16, subd. (b)(2).) However, we neither 'weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law.' [Citation.]" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3 [46 Cal.Rptr.3d 638].)

■ In determining whether the anti-SLAPP statute applies in a given situation, we analyze whether the defendant's act underlying the plaintiff's cause of action *itself* was an act in furtherance of the right of petition or free speech. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78 [124 Cal.Rptr.2d 519, 52 P.3d 695].) The *"principal thrust* or *gravamen"* of the claim determines whether section 425.16 applies. (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 188 [6 Cal.Rptr.3d 494].)

With these principles in mind, we turn to the issue presented herein.

> 2. *Protected activity within the meaning of the anti-SLAPP statute is any act in furtherance of a defendant's right of petition or free speech in connection with a public issue; however, a cause of action against a person arising from an act of that person in furtherance of the person's right of free exercise of religion is not subject to a special motion to strike under section 425.16.*
>
>> a. *Historical background; anti-SLAPP statute was enacted to protect the rights of freedom of speech and petition for the redress of grievances in connection with a public issue.*

"Strategic Lawsuits Against Public Participation, or SLAPP suits, as they have become popularly termed, were first defined by University of Denver Law School Professor George Pring and University of Denver Sociology Professor Penelope Canan in their seminal article, Strategic Lawsuits Against Public Participation (1988) 35 Social Problems 506, as civil lawsuits . . . that are aimed at preventing citizens from exercising their political rights or punishing those who have done so. [¶] While SLAPP suits masquerade as ordinary lawsuits such as defamation and interference with prospective economic advantage, they are generally meritless suits brought primarily to

chill the exercise of free speech or petition rights by the threat of severe economic sanctions against the defendant, and not to vindicate a legally cognizable right. (See Pring and Canan, SLAPPS: Getting Sued for Speaking Out (Temple University Press, 1996). [¶] In 1992, Code of Civil Procedure Section 425.16 was enacted by SB 1264 (Lockyer), Chapter 726 of Stats. 1992, to provide a 'special motion to strike' which could be used by defendants in 'SLAPP' suits to obtain an early judicial ruling and termination of a meritless claim arising from a person's exercise of the right to petition or free speech under the United States or California Constitution in connection with a public issue. In enacting the provision, the Legislature expressly found that there has been a disturbing increase in lawsuits primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances . . . that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1296 (1997–1998 Reg. Sess.) as amended May 12, 1997.)

  b. *Protected activity for purposes of section 425.16 does not encompass conduct in furtherance of the right of free exercise of religion.*

■ Unlike subdivision (e)(1), (2) and (3) of section 425.16, which pertain to oral or written statements, subdivision (e)(4) pertains to *conduct*. Protected activity within the meaning of subdivision (e)(4) consists of "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(4).)

For example, a television station's gathering of information for use in a broadcast news report is conduct in furtherance of the news media's exercise of its free speech rights (§ 425.16, subd. (e)(4)) because "[r]eporting the news usually requires the assistance of newsgathering, which therefore can be construed as undertaken *in furtherance* of the news media's right to free speech." (*Lieberman v. KCOP Television, Inc.* (2003) 110 Cal.App.4th 156, 166 [1 Cal.Rptr.3d 536].) Similarly, an optometrist's communications with other optometrists to discuss legislation affecting their business was conduct in furtherance of protected petition or free speech. (*1-800 Contacts, Inc. v. Steinberg* (2003) 107 Cal.App.4th 568, 583 [132 Cal.Rptr.2d 789].)

The Pachecos contend they engaged in protected conduct pursuant to section 425.16, subdivision (e)(4) because their acts were in furtherance of their constitutional right to free speech of a religious nature, and therefore the nuisance complaint is subject to a special motion to strike.

We reject the Pachecos' attempt to conflate the right of free speech and the right of free exercise of religion for purposes of application of the anti-SLAPP statute. The acts of which plaintiffs complain, i.e., the ceremonial fire which emits smoke, ash and fumes, do not amount to conduct in furtherance of the exercise of the constitutional right of free speech. Rather, said activity is conduct in furtherance of the free exercise of religion. Section 425.16 is not so broad as to apply to the instant fact situation.

In this regard, *Zhao v. Wong* (1996) 48 Cal.App.4th 1114 [55 Cal.Rptr.2d 909] (*Zhao*), cogently observed "section 425.16 mentions only two of the rights found in the First Amendment. Apart from freedom of religion, the Amendment guarantees freedom of speech, freedom of the press, the right of assembly and the right to petition; section 425.16 refers only to freedom of speech and the right to petition. SLAPP suits described by the statement of legislative purposes[4] are closely tied to the right to petition and the cognate protections of the right of freedom of speech. The reference to these two rights, with no mention of other rights enumerated in the First Amendment, suggests that the Legislature contemplated that the statute would apply only to a limited sphere of activities covered by certain protections of the First Amendment, i.e. activities described by the statement of legislative purpose." (*Zhao, supra*, at p. 1129.)

In *Zhao*, the complaint alleged the defendant falsely accused the plaintiff of murdering the defendant's brother and forging his will. (*Zhao, supra*, 48 Cal.App.4th at p. 1118.) *Zhao* held the trial court erred in striking the complaint under section 425.16 because the slander action did not arise from an act of defendant in furtherance of defendant's right of petition or free speech in connection with a public issue in that: the defendant's communications to a reporter and his father were not made before a legislative, executive, judicial or other official proceeding; the statements were not made in a place open to the public or a public forum, but rather, were made in a private setting to a reporter; and as to whether the statements were made in connection with an issue under consideration by a judicial body, on the basis that they pertained to a pending will contest, the statements did not involve a "public issue" as required by the statute. (*Zhao, supra*, 48 Cal.App.4th at p. 1131.)

We are aware that in 1997 the Legislature amended section 425.16 to mandate a broad interpretation of the statute in reaction to *Zhao*. (Stats. 1997, ch. 271, § 1; Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1296

---

[4] The statement of legislative purpose, at section 425.16, subdivision (a), provides in relevant part: "The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the *constitutional rights of freedom of speech and petition for the redress of grievances.*" (Italics added.)

(1997–1998 Reg. Sess.) as amended May 12, 1997; *Sipple v. Foundation for Nat. Progress* (1999) 71 Cal.App.4th 226, 236 [83 Cal.Rptr.2d 677].) Said bill revised "the declaration of legislative intent to provide that the section *shall be construed broadly* and [to] specify that the section is applicable to *any conduct in furtherance of the constitutional right of petition or of free speech* in connection with a public issue." (Legis. Counsel's Dig., Sen. Bill No. 1296 (1997–1998 Reg. Sess.) Stats. 1997, ch. 271, italics added.)

Further, in *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106 [81 Cal.Rptr.2d 471, 969 P.2d 564], the Supreme Court held a defendant moving to strike a cause of action arising from a statement made before, or in connection with an issue under consideration by, a legally authorized official proceeding need *not* separately demonstrate that the statement concerned an issue of public significance, and it disapproved *Zhao* insofar as it held to the contrary. (*Id.* at p. 1123, fn. 10.)

However, irrespective of these criticisms of *Zhao*, i.e., that it did not apply section 425.16 sufficiently broadly, or that it did not properly interpret the public issue aspect of the statute, those do not detract from *Zhao*'s recognition that section 425.16 did not import wholesale the protections of the First Amendment.

■ Although section 425.16 provides a procedural vehicle for early scrutiny of claims against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue, it does not extend to claims against a person arising from any act of that person in furtherance of the person's right of free exercise of religion. Therefore, the nuisance claim against the Pachecos, arising out of their ceremonial fire, was not subject to a special motion to strike under section 425.16.

### c. *Remaining issues not reached.*

In view of the above, it is unnecessary to address whether the Pachecos' challenged conduct was "in connection with a public issue or an issue of public interest" (§ 425.16, subd. (e)(4)), or whether plaintiffs established a probability they would prevail on their claim (§ 425.16, subd. (b)(1)).

## DISPOSITION

The order denying the special motion to strike is affirmed. Respondents shall recover their costs on appeal.

Croskey, J., and Kitching, J., concurred.

A petition for a rehearing was denied May 15, 2007, and appellants' petition for review by the Supreme Court was denied July 18, 2007, S153239.